# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NELINDA CARDONA ALVAREZ (A#208-503-114),<br>        Plaintiff,<br><br>v.<br><br>SUSAN RAUFER, U.S. Citizenship and Immigration Service, Newark Asylum Office; KEVIN McALEENAN, Secretary of the U.S. Department of Homeland Security; KEN CUCINELLI, Director of U.S. Citizenship and Immigration Service; and WILLIAM BARR, Attorney General of the United States,<br>        Defendants. | CIVIL ACTION<br><br><br>NO. 19-3155 |

## MEMORANDUM

**Joyner, J.**                                                                 **March   11, 2020**

Presently before the Court is Defendants' Motion to Dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Rule 12(b)(6). For the reasons that follow, the Motion will be denied.

### Factual Background

Plaintiff Nelida Cardona Alvarez requests a writ of mandamus compelling Defendants Susan Raufer, U.S. Citizenship and Immigration Service, Newark Asylum Office; Kevin McAleenan, Secretary of the U.S. Department of Homeland Security; Ken Cucinelli, Director of U.S. Citizenship and Immigration Service

("USCIS"); and William Barr, U.S. Attorney General, to adjudicate her I-589 asylum application. (Pl. Compl. for Writ of Mandamus, Doc. No. 1 at 2, 3.) Notably, Plaintiff does not seek that Defendants approve her application but merely seeks that they adjudicate it. (Id. at 2.) In the Complaint, Plaintiff contends that her application has been pending with USCIS for nearly four years and that USCIS has neither scheduled her I-589 interview nor otherwise adjudicated her application, despite her attempts to work with Defendants to process her application. (Id. at 2, 3, 6.) Plaintiff contends that 8 U.S.C. § 1158 requires Defendants to adjudicate her application within 180 days of filing. (Id. at 6, 7.) In addition to seeking a writ of mandamus, Plaintiff also requests attorney fees and costs under the Equal Justice Act 5 U.S.C. § 504 and 28 U.S.C. § 2141(d), et seq. (Doc. No. 1 at 7.) Defendants contend that the Court lacks subject-matter jurisdiction over Plaintiff's mandamus claim under Rule 12(b)(1) and, alternatively, that Plaintiff fails to state a claim for mandamus under Rule 12(b)(6). (Def. Motion to Dismiss, Doc. No. 5 at 2.) Defendants do not appear to contest Plaintiff's request for attorney fees and costs. Thus, our analysis is limited to mandamus relief.

**Analysis**

Motion to Dismiss Under Rule 12(b)(1)

As noted, Defendants contend that Plaintiff lacks subject-matter jurisdiction and move to dismiss under Rule 12(b)(1). (See Doc. No. 5 at 9.) See also Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007); Fed. R. Civ. P. 12(b)(1).

**I. Factual Challenges Versus Facial Challenges**

Courts distinguish between facial attacks and factual attacks under Rule 12(b)(1). Constitution Party of Pennsylvania v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). A facial attack on subject-matter jurisdiction "concerns 'an alleged pleading deficiency . . . .'" CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008), as amended (Sept. 29, 2008). See also Edmonson v. Lincoln Nat. Life Ins. Co., 777 F. Supp. 2d 869, 877 (E.D. Pa. 2011). In contrast to a facial attack, a factual attack addresses "'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" CNA, 535 F.3d at 139. See also Edmonson, 777 F. Supp. 2d at 877. During a factual attack, the Court may make factual determinations to decide whether the Court has subject-matter jurisdiction. CNA, 535 F.3d at 139; Mortensen, 549 F.2d at 891 n.16. Because Defendants do not challenge the facts asserted in the Complaint but, instead, focus on arguing that

3

Plaintiff's claim fails to satisfy jurisdictional requirements as a matter of law, (Doc. No. 5; Def. Reply Memorandum in Further Support of Def. Motion to Dismiss, Doc. No. 8), Defendants have launched a facial attack on subject-matter jurisdiction.

Courts adjudicating facial attacks under Rule 12(b)(1) use the same standard of review as used for Rule 12(b)(6) motions to dismiss for failure to state a claim. Schuchardt v. President of the United States, 839 F.3d 336, 344 (3d Cir. 2016). Accordingly, the Court must determine whether the pleadings, on their face, adequately allege subject-matter jurisdiction. Constitution Party, 757 F.3d 347 at 358. Courts must consider only "the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Id. A plaintiff must plausibly allege facts supporting constitutional standing. Schuchardt, 839 F.3d at 344. The Court must accept all of a plaintiff's plausible allegations as true and draw all reasonable inferences in the plaintiff's favor. Id. at 343. However, "[c]onclusory assertions of fact and legal conclusions are not entitled to the same presumption." Id. at 346–47.

II. **Challenge to Subject-Matter Jurisdiction**

Defendants contend that § 1158 strips the Court of subject-matter jurisdiction over Plaintiff's claim. The Supreme Court

4

has advised that, "[t]o ward off profligate use of the term 'jurisdiction,'" Sebelius v. Auburn Reg'l Med. Ctr., 568 U.S. 145, 153 (2013), a Court should not read a law as jurisdictional unless "Congress has 'clearly state[d]' that the rule is jurisdictional . . . .", id. (alteration in original).  To determine whether Congress intended for a law to be jurisdictional, Courts must "consider context, including this Court's interpretations of similar provisions in many years past, as probative of whether Congress intended a particular provision to rank as jurisdictional."  Id. at 153–54 (internal quotations omitted).

There appear to be no binding cases addressing writs of mandamus for unreasonable delays under, specifically, § 1158.  However, in this jurisdiction, the analysis for a mandamus claim to compel unreasonably delayed agency action mirrors that for an Administrative Procedure Act 5 U.S.C. § 706(1) claim to compel agency action for unreasonable delay.  Assadzadeh v. Mueller, 2007 WL 3252771, at *4 (E.D. Pa. Oct. 31, 2007); Sharawneh v. Gonzales, 2007 WL 2684250, at *3 (E.D. Pa. Sept. 10, 2007).  See also Daraji v. Monica, 2008 WL 183643, at *4 (E.D. Pa. Jan. 18, 2008).  Thus, we supplement our mandamus analysis with case law addressing unreasonable delays under § 706(1).

Mandamus is an extraordinary remedy available only when the plaintiff has exhausted all other avenues of relief and the

defendant clearly has a nondiscretionary duty. Heckler v. Ringer, 466 U.S. 602, 616–17 (1984); Sharawneh, 2007 WL 2684250, at *2. Courts in our jurisdiction that have squarely addressed similar claims treat part of the analysis as a jurisdictional one appropriate for a Rule 12(b)(1) motion and other parts of the analysis as appropriate for a Rule 12(b)(6) motion. Specifically, Courts tend to treat as jurisdictional the issue of whether Defendants have a nondiscretionary duty that is subject to claims of unreasonable delay. Assadzadeh, 2007 WL 3252771, at *5; Sharawneh, 2007 WL 2684250, at *4.[1]

First, Courts find a nondiscretionary duty to adjudicate immigration applications when the underlying law requires defendants to adjudicate the applications. Assadzadeh, 2007 WL 3252771, at *5; Sharawneh, 2007 WL 2684250, at *2 (internal quotations omitted); Elhaouat v. Mueller, 2007 WL 2332488, at *4 (E.D. Pa. Aug. 9, 2007). In order to impose a duty to adjudicate an application, the underlying law must impose on the government "a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion." Sharawneh, 2007 WL 2684250, at *2 (internal quotations omitted).

---

[1] While the Court in Elhaouat v. Mueller, 2007 WL 2332488 (E.D. Pa. Aug. 9, 2007) considered the jurisdictional import of the defendants' Rule 12(b)(1) motion, id. at *3, the Court observed that the defendants' contentions were more fit for a Rule 12(b)(6) motion. Id. at *3 n.5. However, the Court observed that the analyses were the same under both motions and that, therefore, "there is no practical effect how the Court treats Defendants' motion . . . ." Id.

6

See also Assadzadeh, 2007 WL 3252771, at *5; Elhaouat, 2007 WL 2332488, at *4.

Second, when an underlying immigration law imposes a nondiscretionary duty to adjudicate an immigration application, a failure to adjudicate that application is subject to claims for unreasonable delay under § 706(1), even if the underlying law fails to provide a timeframe for adjudication. Assadzadeh, 2007 WL 3252771, at *5; Sharawneh, 2007 WL 2684250, at *4; Elhaouat, 2007 WL 2332488, at *4.

For instance, in Sharawneh, the Court addressed language providing that "'the employee of the Service who conducts the examination [on an application for naturalization] *shall* determine whether to grant or deny the application, and *shall* provide reasons for the determination . . . .'" Sharawneh, 2007 WL 2684250, at *4. See also 8 C.F.R. § 316.14(b)(1) (emphasis in original). The Court found that this language created a nondiscretionary duty to adjudicate naturalization applications and, correspondingly, a nondiscretionary duty to adjudicate applications within a reasonable time, even though the law did not provide a specific timeframe. Sharawneh, 2007 WL 2684250, at *4.

Here, § 1158 provides that "in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, *shall* be

7

completed within 180 days after the date an application is filed . . . ." § 1158(d)(5)(A)(iii) (emphasis added). The nondiscretionary duty to adjudicate applications here is analogous to Sharawneh because § 1158(d)(5)(A)(iii) states that an asylum application "shall" be adjudicated. Id. Just as the underlying law in Sharawneh was subject to unreasonable delay claims, § 1158 is subject to claims for unreasonable delay; § 1158 explicitly anticipates a timeframe of 180 days for asylum determinations. Id. Thus, rather than stripping the Court of jurisdiction, the language of § 1158 indicates that adjudication of the asylum application is nondiscretionary and subject to claims of unreasonable delay. Sharawneh v. Gonzales, 2007 WL 2684250, at *4; § 1158(d)(5)(A)(iii).

Therefore, subject-matter jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361, and we deny Defendants' Rule 12(b)(1) motion as to mandamus.

## Personal Jurisdiction

We may exercise personal jurisdiction over Defendants because Defendants have litigated the merits of their claim without contesting personal jurisdiction. See Richard v. U.S. Airways, Inc., 2011 WL 248446, at *1 (E.D. Pa. Jan. 26, 2011).

Motion to Dismiss Under Rule 12(b)(6)

## I. Legal Standards Under Rule 12(b)(6) and Rule 8(a)(2)

Under Rule 12(b)(6), Courts should consider only "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010). See also Witasick v. Minnesota Mut. Life Ins. Co., 803 F.3d 184, 192 (3d Cir. 2015). To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient factual matter accepted as true "to state a claim that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Importantly, Courts should disregard "legal conclusions and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." Ethypharm S.A. Fr. v. Abbott Laboratories, 707 F.3d 223, 231 n.14 (3d Cir. 2013). Courts are to take as true all of the factual allegations in the complaint and the reasonable inferences that can be drawn from those facts. Witasick, 803 F.3d at 192; Ethypharm, 707 F.3d at 225 n.1. Additionally, a Court may grant a Rule 12(b)(6) motion to dismiss "if, 'accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief.'"

Ballentine, 486 F.3d at 810. Additionally, Rule 8(a)(2) specifies that "[a] pleading that states a claim for relief must contain . . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). See also Rosh v. Gold Standard Café at Penn, Inc., 2016 WL 7375014, at *2 (E.D. Pa. Dec. 19, 2016).

II. **Writ of Mandamus**

We determine during the Rule 12(b)(6) stage whether Plaintiff has successfully plead that the alleged delay is unreasonable. See Assadzadeh, 2007 WL 3252771, at *5.

As we previously noted, Courts find writs of mandamus and relief under § 706(1) appropriate when Congress has created a nondiscretionary duty that the defendant has unreasonably delayed. See Assadzadeh, 2007 WL 3252771, at *5; Elhaouat, 2007 WL 2332488, at *4. See also Sharawneh, 2007 WL 2684250, at *4.

When determining whether an agency action is unreasonably delayed, Courts in this jurisdiction consider four factors:

> "First, the court should ascertain the length of time that has elapsed since the agency came under a duty to act. Second, the reasonableness of the delay should be judged in the context of the statute authorizing the agency's action. Third, the court should assess the consequences of the agency's delay. Fourth, the court should consider 'any plea of administrative error, administrative inconvenience, practical difficulty in carrying out a legislative mandate, or need to prioritize in the face of limited resources.'"

Karimushan v. Chertoff, 2008 WL 2405729, at *2–3 (E.D. Pa. June 11, 2008) (quoting Oil, Chem. & Atomic Workers Union v.

10

Occupational Safety & Health Admin., 145 F.3d 120, 123 (3d Cir. 1998)). See also Daraji, 2008 WL 183643, at *5.

With this background in mind, Courts tend to find unreasonable delays when defendants fail to comply with timeframes anticipated - though not necessarily mandated - by the underlying immigration laws at issue, Karimushan, 2008 WL 2405729, at *7; Daraji, 2008 WL 183643, at *5, or, in the absence of a specific statutory timeframe, when defendants fail to act for over two years, Assadzadeh, 2007 WL 3252771, *5-6. For instance, in Karimushan, the Court found two years to be an unreasonable delay in processing a naturalization application when the underlying immigration law anticipated a 180-day processing timeline. Karimushan, 2008 WL 2405729, at *6-7. Likewise, in Daraji, the Court found a delay of almost two years in processing naturalization applications to be unreasonable when the underlying immigration law anticipated adjudication within 120 or 180 days. Daraji, 2008 WL 183643, at *5. In Assadzadeh, the Court found as unreasonable a delay of over two years in conducting the plaintiff's immigration background check, even though the underlying immigration law did not provide a specific timeline for conducting background checks. Assadzadeh, 2007 WL 3252771, at *5-6.

Here, § 1158(d)(5)(A)(iii) provides that "in the absence of exceptional circumstances, final administrative adjudication of

11

the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed . . . ." § 1158(d)(5)(A)(iii) anticipates – if not mandates – that asylum applications will be adjudicated within 180 days of filing. However, Plaintiff alleges a delay of almost four years in adjudicating her application. (Doc. No. 1 at 6). Additionally, Plaintiff argues that the alleged delay renders it more difficult to obtain reliable witnesses and evidence. (Pl. Response to Def. Motion to Dismiss, Doc. No. 6 at 4.) Though Defendants contend that the sheer number of applicants has contributed to the delay and that Defendants have adopted a strategy of adjudicating recent applications first and old applications last in order to discourage applicants from seeking asylum solely for obtaining interim employment authorizations, (Doc. No. 5 at 7-8, 17-18), the Court in Karimushan found that such considerations alone do not defeat claims for unreasonable delay. Karimushan, 2008 WL 2405729, at *6. We follow Courts in this jurisdiction in finding that Plaintiff has successfully plead a writ of mandamus to compel Defendants to adjudicate her asylum application. Accordingly, we deny Defendants' Rule 12(b)(6) Motion to Dismiss as to mandamus.

## **Conclusion**

We deny Defendants' Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) as to mandamus. An appropriate Order follows.