```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| NELINDA CARDONA ALVAREZ (A#208-503-114), | CIVIL ACTION |
| Plaintiff, | |
| v. | NO. 19-3155 |
| SUSAN RAUFER, U.S. Citizenship and Immigration Service, Newark Asylum Office; CHAD WOLFE, Acting Secretary of the U.S. Department of Homeland Security; KEN CUCCINELLI, Senior Official performing duties of the Director of U.S. Citizenship and Immigration Services; and WILLIAM BARR, Attorney General of the United States, | |
| Defendants. | |

**MEMORANDUM**

**Joyner, J.**                                              **August 31, 2020**

Presently before the Court is Plaintiff's Motion for Summary Judgement and Defendants' Motion for Summary Judgment and Response in Opposition to Plaintiff's Motion for Summary Judgment. For the reasons that follow, Defendants' Motion will be granted, and Plaintiff's Motion will be denied.

**Factual Background**

Plaintiff Nelida Cardona Alvarez requests a writ of mandamus compelling Defendants Susan Raufer, U.S. Citizenship

1

and Immigration Service, Newark Asylum Office; Chad Wolfe, Acting Secretary of the U.S. Department of Homeland Security; Ken Cuccinelli, Senior Official performing duties of the Director of U.S. Citizenship and Immigration Services ("USCIS"); and William Barr, Attorney General of the United States to adjudicate her I-589 asylum application.  (Plaintiff's Motion for Summary Judgment, Doc. No. 12 at 1; Complaint for Writ of Mandamus, Doc. No. 1 at 1.)  In addition to seeking a writ of mandamus, Plaintiff also requests costs and attorney fees under the Equal Justice Act 5 U.S.C. § 504 and 28 U.S.C. § 2141(d), <u>et seq.</u>  (Doc. No. 1 ¶17.)

     Plaintiff, a citizen of Venezuela, filed an I-589 application seeking asylum status in the United States. (Defendants' Motion for Summary Judgment and Response in Opposition to Plaintiff's Motion for Summary Judgment, Doc. No. 13 at 7, 10; Doc. No. 1 ¶1; Doc. No. 12 at 1.)  Her application has been pending with USCIS for over four years, (Doc. No. 13 at 5; Doc. No. 1 ¶1; Doc. No. 12 at 1), and Plaintiff asserts that USCIS has neither scheduled her I-589 interview nor otherwise adjudicated her application, (Doc. No. 1 ¶¶1, 14).  She argues that 8 U.S.C. § 1158 requires Defendants to adjudicate her application within 180 days of filing.  (<u>Id.</u> ¶¶12, 15.)  Defendants assert that there is a substantial backlog of I-589 applications due at least in part to limited resources for

processing applications and that, consequently, all I-589 asylum applicants have endured "considerable delay." (Doc. No. 13 at 16.) Defendants contend that Plaintiff lacks an enforceable right under § 1182, (id. at 21), and now submit that Defendants have no duty towards Plaintiff because of language purportedly disclaiming a private right of action, (id. at 18). The parties have each filed summary judgment motions. (Id. at 3; Doc. No. 12 at 1.)

## **Analysis**

### Legal Standard

To obtain summary judgment, a movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Disputes about "material" facts are those that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Once the movant meets its initial burden, the nonmoving party must then "go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)) (internal citations omitted) (emphasis omitted). A "genuine" dispute exists if the non-movant establishes evidence "such that a reasonable jury could return a verdict" in their

3

favor.  Anderson, 477 U.S. at 248.  "The court must review the record 'taken as a whole.'"  Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150 (2000) (quoting Matsushita, 475 U.S. at 587)).  At summary judgment, we must view the evidence and draw all inferences "in the light most favorable to the party opposing the motion."  Matsushita, 475 U.S. at 587 (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)).  See also Horsehead Indus., Inc. v. Paramount Commc'ns, Inc., 258 F.3d 132, 140 (3d Cir. 2001).  The standards by which a Court decides a summary judgment motion do not change or apply differently when there are cross-motions for summary judgment. Lawrence v. City of Phila., 527 F.3d 299, 310 (3d Cir. 2008). Instead, the Court should review each cross-motion for summary judgment independently.  Daraji v. Monica, 2008 WL 183643, at *2 (E.D. Pa. Jan. 18, 2008).

## Jurisdiction

Subject-matter jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361.  See 28 U.S.C. §§ 1331, 1361.  We may exercise personal jurisdiction over Defendants because they have litigated the merits of their claim without contesting personal jurisdiction.  See In re Asbestos Prod. Liab. Litig. (No. VI), 921 F.3d 98, 105 (3d Cir. 2019).

Writ of Mandamus

The mandamus statute, 28 U.S.C. § 1361, provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." § 1361.  Mandamus is an extraordinary remedy available only when the plaintiff has exhausted all other avenues of relief.  See Heckler v. Ringer, 466 U.S. 602, 616–17 (1984); Baranoski v. U.S. Attorney's Office, 215 F. App'x 155, 156 (3d Cir. 2007); Sharawneh v. Gonzales, 2007 WL 2684250, at *2 (E.D. Pa. Sept. 10, 2007).  See also Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980).  Additionally, the defendant must owe the plaintiff "a clear nondiscretionary duty," Heckler, 466 U.S. at 616, and the plaintiff must establish "that the right to issuance of the writ is 'clear and indisputable,'" Baranoski, 215 F. App'x at 156 (quoting Allied Chem. Corp., 449 U.S. at 35).  See also De Oliveira v. Barr, 2020 WL 1941231, at *4 (E.D.N.Y. Apr. 22, 2020); Baranoski v. U.S. Attorney Office, 2006 WL 166495, at *5 (D.N.J. Jan. 20, 2006).  Here, the main issue is whether Plaintiff has a clear and indisputable right to relief under § 1158.

With certain exceptions not applicable here, § 1158 of the Immigration and Nationality Act ("INA") enables aliens physically present in the United States to apply for asylum.

See 8 U.S.C. § 1158(a)(1)-(2).  Defendants urge the Court to consider cases in other jurisdictions that have squarely addressed whether a plaintiff may succeed on a writ of mandamus to compel adjudication under § 1158.  (See Doc. No. 13 at 19.) For instance, Defendants observe that the Eastern District of New York found that plaintiffs lacked "'a clear right'" under § 1158 because the statute "states that applicants do not have a 'substantive or procedural right or benefit' to have their applications adjudicated within the specified period."  De Oliveira, 2020 WL 1941231, at *4.  (See also Doc. No. 13 at 19.) Additionally, Defendants cite to a case from the Southern District of California, which likewise recently concluded that because § 1158(d)(7) provides that § 1158 does not contain a private right of action, the plaintiff's claim was not "clear and certain," and her mandamus claim accordingly failed.  Varol v. Radel, 420 F. Supp. 3d 1089, 1099 (S.D. Cal. 2019).  (See also Doc. No. 13 at 19.)

In this jurisdiction, the Court has held that a mandamus action is unavailable to compel action pursuant to a statute that does not provide a private right of action, Lichtman v. United States, 2007 WL 2119221, at *3 (E.D. Pa. June 8, 2007), aff'd, 316 F. App'x 116 (3d Cir. 2008), or a "'clear and indisputable' right," Baranoski, 215 F. App'x at 156.  See also Martin v. U.S. Attorney's Office, 2007 WL 1672354, at *3 (D.N.J.

6

June 7, 2007).  Crucially, a private right of action to enforce a federal statute should be created by Congress, and it is the job of the Courts "to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy."  Alexander v. Sandoval, 532 U.S. 275, 286-87 (2001).  See also Bakos v. Am. Airlines, Inc., 748 F. App'x 468, 473-74 (3d Cir. 2018).  In making this assessment, the Court must evaluate the statute's "text and structure" to ascertain whether it contains "rights-creating language."  Sandoval, 532 U.S. at 288 (internal quotations omitted).  See also Bakos, 748 F. App'x at 473-74.

Here, § 1158(d)(7) provides that:

> No private right of action
> Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.

§ 1158(d)(7).  Thus, § 1158(d)(7) explicitly states that § 1158 does not create a private, enforceable right.  See § 1158(d)(7).  Further, the Third Circuit has held that equivalent language in 8 U.S.C. § 1229(d)(2), another section of the INA, barred a due process claim for delay in a non-mandamus action arising under 8 U.S.C. § 1229(d)(1).  DiPeppe v. Quarantillo, 337 F.3d 326, 333-34 (3d Cir. 2003).

7

Applying our precedent and agreeing with Courts in other jurisdictions, we find that Plaintiff's claim fails as a matter of law.

## Conclusion

For the foregoing reasons, we grant Defendants' Motion for Summary Judgment and Response in Opposition to Plaintiff's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgement.  An Order follows.